UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JUDITH A. MACK-BROCK,

    Plaintiff,

v.                                                    Civil Action No.: 2:20-cv-394

HOME DEPOT U.S.A., INC.,
d/b/a THE HOME DEPOT,
a Delaware corporation,

    Defendant.

## COMPLAINT

COMES NOW the plaintiff, Judith A. Mack-Brock, by counsel, and requests judgment against the defendant, Home Depot U.S.A., Inc., d/b/a The Home Depot, in the amount of Five Hundred Thousand Dollars ($500,000.00) for compensatory damages, together with her costs expended in this proceeding and pre-judgment interest from October 27, 2019 and post-judgment interest as allowed by law. In support of this Complaint, the plaintiff states as follows:

### Parties

1. The plaintiff, Judith A. Mack-Brock, is a citizen and resident of the City of Virginia Beach, Virginia, within this judicial district and division.

2. The defendant, Home Depot U.S.A., Inc., d/b/a Home Depot or The Home Depot, is corporation incorporated pursuant to the laws of the State of Delaware, with its principal place of business located in Atlanta, Georgia, and at all times relevant hereto the defendant has purposefully and systematically done business within this judicial district and division, including by means of the operation of a retail store located at 2020 Lynnhaven Parkway, Virginia Beach, Virginia 23456 (Home Depot store #4626).

1

## Jurisdiction and Venue

3. Jurisdiction herein is founded upon 28 U.S.C. § 1332, the parties herein being residents of different states and there being an amount in controversy in excess of $75,000.00, thereby satisfying the requirements for jurisdiction in this Court.

4. Venue herein is proper pursuant to 28 U.S.C. § 1391, the incident on October 27, 2019 out of which this civil action arises having occurred in the City of Virginia Beach, Virginia, within this judicial district and division, thereby satisfying the requirements for venue in this Court.

## Cause of Action

5. The plaintiff hereby realleges paragraphs 1 through 4 of this Complaint as if the same were set forth verbatim herein.

6. At all times relevant hereto the defendant, Home Depot U.S.A., Inc., d/b/a The Home Depot, has operated a retail store located at 2020 Lynnhaven Parkway, Virginia Beach, Virginia 23456 (Home Depot store # 4626), which is in the City of Virginia Beach, Virginia.

7. On or about October 27, 2019, at approximately 5:30 p.m., the plaintiff, Judith A. Mack-Brock, was a customer at the Home Depot store operated by the defendant located at 2020 Lynnhaven Parkway, Virginia Beach, Virginia 23456 (Home Depot store #4626).

8. As a customer at the defendant's store at the date, time and location as stated hereinabove, the plaintiff had the legal status of a business invitee.

9. At the aforesaid time and place, it was the duty of the defendant in the operation of its retail store to operate the said retail store safely and lawfully and with reasonable care and due regard for the safety of its customers and business invitees, including the plaintiff, to maintain its premises and the objects and merchandise located therein in a safe condition for the safety of its

customers and business invitees, including the plaintiff, and to use a degree of care so as not to cause injury to such persons.

10. Notwithstanding said duties, the defendant, in the operation of its retail store, including by means of its employees and agents, was then and there negligent and careless in the operation of said retail store by placing an object or objects on the floor of the said premises in an area where customers would reasonably be expected to be standing and/or walking, and/or allowing an object or objects to exist on the floor of the said premises in an area where customers would reasonably be expected to be standing and/or walking, at a location where the object or objects would not be readily apparent to customers, and thereby created or allowed to exist a dangerous condition which the defendant knew or in the exercise of reasonable care for the safety of its customers should have been aware presented a trip and fall hazard on its premises to its customers, including the plaintiff, which object or objects caused the plaintiff to fall and be injures and suffer related damages. The defendant, including by means of its employees and agents, was negligent and careless in that it:

    a. failed to maintain the premises in a reasonably safe condition for the safety of customers and business invitees, including the plaintiff;

    b. placed an object or objects on the floor of the premises in an area where customers and business invitees would be expected to be standing and walking;

    c. allowed an object of objects to be on the floor of the premises in an area where customers and business invitees would be expected to be standing and walking;

    d.    failed to remove an object or objects from the floor of the premises in an area where customers and business invitees would be expected to be standing and walking;

    e.    failed to perform or conduct timely, thorough and reasonable inspections of the premises for the safety of its customers and business invitees;

    f.    failed to warn customers and business invitees, including the plaintiff, of a dangerous condition and trip and fall hazard existing on its premises of which the defendant was aware or in the exercise of reasonable care for the safety of its customers and business invitees should have reasonably been aware;

    g.    on information and belief failed to provide adequate or reasonable personnel and staffing for the safe operation of its retail store so as to properly monitor the conditions and safety of the premises for the safety and wellbeing of its customers and business invitees; and

    f.    was or were otherwise negligent.

11. The negligence and carelessness of the defendant constituted a proximate cause of the aforesaid incident and of the injuries and damages sustained by the plaintiff.

12. As a direct and proximate result of the negligence and carelessness of the defendant, the plaintiff sustained serious and painful injuries, including, but not limited to, a closed head injury, including a concussion and traumatic brain injury, with associated resulting post-

concussive symptoms, some or all of which injuries are or may be permanent; she has suffered physical pain, suffering and mental anguish, and these will or may continue in the future and may be permanent; she has incurred substantial expenses for hospital, doctors and related medical care and treatment of her injuries, and in the future she will or may continue to incur such expenses in an effort to be cured and healed and reduce her pain and symptoms; and she has been rendered unable to perform all of the usual and personal activities and affairs of a woman of her age and position in life, and in the future she will or may continue to be unable to perform some or all of such activities and affairs.

WHEREFORE, the plaintiff, Judith A. Mack-Brock, demands a jury trial and she respectfully requests that she be awarded a judgment against the defendant, Home Depot U.S.A., Inc., d/b/a The Home Depot, in the amount of Five Hundred Thousand Dollars ($500,000.00) for compensatory damages, together with her costs expended in this proceeding and pre-judgment interest from October 27, 2019 and post-judgment interest as allowed by law, as well as such other and further relief in the plaintiff's favor as this Court may deem appropriate.

THE PLAINTIFF REQUESTS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE HEREIN.

JUDITH A. MACK-BROCK

By: *(signature)*
John E. Basilone, Esq. (VSB #28851)
Goss & Fentress, PLC
735 Newtown Road, Suite 100
Norfolk, VA 23502
Telephone (757) 466-1095
Facsimile (757) 461-4670
E-mail: jbasilone@gossandfentress.com
Counsel for Plaintiff, Judith A. Mack-Brock
